IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD DEE THOMAS,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>                    Respondents. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT AMENDED PETITION**<br><br><br>Case No. 2:14-CV-799-DN<br><br>District Judge David Nuffer |

Petitioner, Richard Dee Thomas, an inmate at Florence Correctional Institution in Colorado, filed a *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2016). Reviewing the Amended Petition, the Court concludes that it should be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

**Deficiencies in Amended Petition:**

The Amended Petition:

    (a)    lists a respondent other than his custodian.

    (b)    possibly attacks a state sentence already served and does not clarify whether past state convictions form any basis for his current incarceration in federal prison.

    (c)    is not on a Court-approved form.

    (d)    has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original). Second, the petitioner must clearly state whom his custodian is and name that person (a warden or ultimate supervisor of an imprisonment facility) as the respondent. *See*

R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.   Third, Petitioner may generally not bring civil-rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under [28 U.S.C.S. § 2254 (2016)](); any claims about the execution of Petitioner's sentence should be brought under [28 U.S.C.S. § 2241 (2016)]().   Fifth, Petitioner should seek help to prepare initial pleadings from legal resources (e.g., contract attorneys) available where he is held.

### O R D E R

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to the directions.

(3) If Petitioner fails to timely cure the above-noted deficiencies, as instructed herein, this action will be dismissed without further notice.

DATED this 29th day of September, 2016.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court