IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| RICHARD DEE THOMAS,<br><br>               Petitioner,<br><br>vs.<br><br>UTAH STATE DIST. et al.,<br><br>               Respondent. | Case No. 2:14-CV-799<br><br>MEMORANDUM DECISION & ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>United States District Court<br>Judge David Nuffer |

Based on lack of jurisdiction, this Court grants Respondent's motion to dismiss this federal habeas-corpus petition.

**Trial.** On August 4, 1995, Petitioner was convicted in Utah state court of aggravated robbery, a first-degree felony. He was sentenced to five-years-to-life in prison on December 4, 1995.

**Appeal.** Petitioner's conviction was reversed in part, affirmed in part, and remanded. *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). The Utah Court of Appeals affirmed the remanded piece on February 25, 1999. *State v. Thomas*, 1999 UT App 51U.

**State post-conviction.** Petitioner's state post-conviction petition was denied. (Case No. 950900814). The Utah Supreme Court affirmed the denial of Petitioner's state post-conviction petition. *Thomas v. State*, 2002 UT 128, 63 P.3d 672.

1

**Prior federal habeas-corpus case.** Petitioner filed in this Court a petition for writ of habeas corpus. (Case No. 2:96-CV-575). The Tenth Circuit Court of Appeals upheld denial of the petition. *Thomas v. State*, 134 F.3d 383 (10th Cir. 1998) (unpublished).

**Current federal habeas-corpus case.** On December 23, 2014, Petitioner filed his current federal petition for writ of habeas corpus. (Case No. 2:14-CV-799).

**SUCCESSIVE PETITION**

Petitioner's current federal habeas case is successive, because he previously filed a federal habeas petition in Case No. 2:96-CV-575. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.S. § 2244(b)(3)(A) (2017), *and see* Rule 9, Rules Governing Section 2254 Cases.

"A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citation omitted. Petitioner did not obtain authorization from the Tenth Circuit to file his successive habeas application. This Court therefore may not address the merits of the claims.

When a successive § 2254 petition is filed in a district court without necessary appellate court sanction, it may be transferred under to the proper court. 28 U.S.C.S. §1631

2

(2017); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). However, all unauthorized successive habeas petitions should not automatically be transferred to the Tenth Circuit. This Court will only transfer if it determines that it is in the interests of justice to do so.

**The claims are untimely.** There is a one-year period of limitation for filing federal habeas-corpus petitions. 28 U.S.C. §2244(d)(1) (2017). The period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

A review this case's procedural history establishes that all claims are time barred. It therefore would not be in the interests of justice to transfer this petition to the Tenth Circuit.

Petitioner was convicted and sentenced in 1995. His direct appeals concluded in 1999. The appeal of his state post-conviction petition concluded in 2002. However, he did not file his current federal petition for writ of habeas corpus until December 23, 2014. The petition is untimely.

In addition, the Court of Appeals will not authorize the filing of a second or successive habeas petition unless the petitioner can meet the standard prescribed by § 2244(b)(2). Under that standard, the petitioner must "show that the claim relies on a new rule of constitutional law, made retroactive" or that "the factual predicate for the claim

could not have been discovered previously through the exercise of due diligence" and that the facts "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* Petitioner has not addressed any of these requirements.

Therefore, the interests of justice would not be served by transferring the petition to the Tenth Circuit. Petitioner's claims are untimely and he has not stated any appropriate legal basis for being allowed to proceed with this successive petition. It is therefore dismissed.

**ORDER**

IT IS ORDERED that Respondent's Motion to Dismiss is GRANTED. (*See* Docket Entry # 22.)

In light of the above ruling, under Rule 11 of the Rules Governing Section 2254 Cases IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 5th day of September, 2017

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court